BYRNES, Judge,
dissents with reasons.
I respectfully dissent. This case involves an unprecedented breakdown in voting procedures. 128 precincts were without voting machines when the polls opened. That is nearly one-third of all precincts. It was hours before many of those precincts received machines.
I feel that a breakdown of this magnitude creates a presumption that “(1) it is impossible to determine the result of election, or (2) the number of qualified voters who were denied the right to vote by the election officials was sufficient to change the result in the election, if they had been allowed to vote....” LSA-R.S. 18:1432(A). No other proof should be required of the plaintiffs in this case. I recognize that elections are physically, emotionally, and financially exhausting for the candidates and their supporters. As an elected official, I know full well that a call for a new election is the nightmare of every successful candidate. I, therefore, share the reluctance of my learned colleagues of this Court to overturn election results without compelling reason. But if having nearly one-third of all precincts throughout the city inoperable at any one time is not per se a sufficiently egregious impediment to the right to vote to warrant the intervention of this Court, I must ask: “How bad does it have to get before we are sufficiently outraged to act?”
The snafu which occurred in this election was preventable and should never have been allowed to occur. When this Court fails to act in the face of such a major breakdown in procedures, we send a message that we have an extraordinarily high level of tolerance for inadequate performance by election officials, and we fail to provide sufficient incentive to prevent a recurrence in the future.
I would reverse the judgment of the lower court.